HARRIS, J.,
concurring specially:
I concur because this case appears to be controlled by the plurality decision in Schad v. Arizona, 501 U.S. 624, 637, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). However, I do so with some reservation and suggest that our supreme court further consider the issue. Admittedly section 782.04, Florida Statutes, may establish first degree murder as a single crime which can be established if the jury finds that the unlawful killing occurs either as a result of premeditation or during the commission of a felony, as did the Arizona statute at issue in Schad. And the Schad plurality unquestionably held that even though the jury must unanimously agree that first degree murder was committed, it is free to mix and match the bases justifying its determination.[1]
. The reason given by the Schad court’s plurality ruling was that since Arizona considered its first degree murder statute as creating a single offense subject to alternative proof, the United States Supreme Court should not second guess that decision. But what if Florida considers premeditated murder and felony murder as separate and distinct crimes each constituting “first degree murder”? The further review I recommend relates to the conflict between reading the statute establishing the crime as creating a single offense subject to “either/or” proof and the jury instruction relating to first degree murder which sets forth “first degree premeditated murder” and “first degree felony murder” and establishes separate “elements” for each.
In interpreting our first degree murder law, the Florida Supreme Court adopted a jury instruction which informs the jury that there are two ways in which the jury may convict for first degree murder, premeditated murder and felony murder. The instruction then informs the jury that to convict for “First Degree Premeditated Murder” it must find the “element” of premeditation. The instruction further informs the jury that to convict for “First *321 Degree Felony Murder” it must find the “element” that the death occurred as a consequence of the commission or attempted commission of a felony. In our case, the jury responded to an interrogatory verdict with the following finding: “We the jury unanimously found the defendant guilty of murder in the first degree but could not reach a unanimous agreement as to which, premeditated or felony murder, was proven.” No specific vote was given and it is therefore possible that not even a majority of the jurors found either theory of guilt to have been proved. Nowhere in the instruction is the jury advised that even though it fails to find either first degree premeditated murder or first degree felony murder, a finding of guilt to a generic first degree murder offense may nevertheless result.
This dichotomy between the statute if read as creating a single crime and the jury instruction takes on additional significance when you consider that portion of the Schad plurality which states:
We do not, of course, suggest that jury instructions requiring increased verdict specificity are not desirable, and in fact the Supreme Court of Arizona has itself recognized that separate verdict forms are useful in cases submitted to a jury on alternative theories of premeditated and felony murder.[2]
It is troubling that in a situation in which the death penalty might be applicable that even though the jury determines that neither First Degree Premeditated Murder nor First Degree Felony murder was proved, the defendant can nevertheless be found guilty of the crime of First Degree Hybrid Murder, a possibility not included within the jury instructions, merely because all the jurors agreed that the killing occurred either by premeditation or during the commission of a felony.
I suggest that the current jury instruction may suggest that, like Arizona, Florida wishes to require specificity when during a capital murder prosecution the jury is called upon to decide whether a killing occurred based on premeditation or during the commission of a felony. Obviously if mix and match proof is acceptable then the questions should not even be asked because specificity is irrelevant.

. Unfortunately, my suggestion to the contrary in a concurring/dissenting opinion in State v. Reardon, 763 So.2d 418 (Fla. 5th DCA 2000), was made in ignorance of Schad and without contemplating that the Supreme Court would actually approve the mix and match concept when life is at stake.

. In State v. Smith, 160 Ariz. 507, 774 P.2d 811, 817 (1989), the court held:
Thus, as a matter of sound administrative justice and efficiency in processing murder cases in the future, we urge trial courts, when a case is submitted to the jury on alternative theories of premeditated and felony murder, to give alternate forms of ver-diet so the jury may clearly indicate whether neither, one, or both theories apply.
Why separate verdict forms to answer these questions unless it makes a difference? In our case, the jury was asked these exact questions and answered that neither theory applied.